Louis THOMPSON, Plaintiff–Appellant,

v.

J. CARTER, Correctional Officer, Clinton Correctional Facility, Defendant–Appellee,

R.N. Taft, R.N., Physician Assistant, R.N. Owens, Physician Assistant, Clinton Corr. Fac., K. Lee, Dr., Physician, Clinton Correctional Facility, Consolidated Defendants–Appellees.

Docket No. 00–0253.

United States Court of Appeals, Second Circuit.

Argued Nov. 1, 2001.

Decided March 19, 2002.

Catherine M. Sharkey, Mayer, Brown & Platt, New York, NY, for Plaintiff–Appellant.

Frank Brady, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York and Nancy A. Spiegel, Assistant Solicitor General, on the brief) Albany, NY, for Defendants–Appellees.

Robert D. McCallum, Jr., Assistant Attorney General, Washington, DC, Joseph A. Pavone, United States Attorney, Northern District of New York, Syracuse, NY,

John C. Hoyle and Jeffrica Jenkins Lee, Attorneys, Appellate Staff Civil Division, Department of Justice, Washington, DC, on the brief for Intervenor United States of America.

Before: WALKER, Chief Judge, POOLER and KATZMANN, Circuit Judges.

POOLER, Circuit Judge.

Louis Thompson, a former inmate at the Clinton Correctional Facility ("Clinton"), appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) that dismissed his three consolidated civil rights complaints pursuant to 42 U.S.C. § 1997e(e) because Thompson did not allege that he had suffered a physical injury. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Because Thompson's various complaints requested injunctive and/or declaratory relief and the pleadings before the court did not reveal the nature of any damages Thompson sought, the district court erred.

## BACKGROUND

On December 3, 1997, Thompson filed three civil rights complaints in the Office of the Clerk for the United States District Court for the Northern District of New York. In each complaint, he made civil rights claims against one or more Clinton employees. In the first, Thompson alleged that J. Carter, a corrections officer at Clinton, confiscated Dilantin and Ibuprofen from Thompson's cell without giving him a contraband slip. As relief, Thompson de-

manded the return of these medications. In the second complaint, Thompson alleged that R.N. Owens stopped another nurse from prescribing Dilantin and Ibuprofen for Thompson, thus subjecting him to deliberate indifference. He asked the court to "[r]esolve this conflict of important interest so that I receive the medication." The third complaint also concerned Thompson's medications, but it is unclear what misconduct Thompson claimed. He again asked the court to "[r]esolve these violations."

In February 1998, the district court consolidated Thompson's three lawsuits. Two months later, the New York Department of Correctional Services ("DOCS") transferred Thompson to its Great Meadow Correctional Facility ("Great Meadow").[1] In June 1998, Thompson submitted an affidavit to the court in which he claimed that he suffered from Jacksonian epilepsy and that Great Meadow personnel continued to deny him his medications. Thompson subsequently submitted two additional documents in which he requested damages of $50,000. The Clerk returned the first of these documents because it had not been served but filed the second on December 29, 1998.

On July 12, 1999, defendants moved to dismiss Thompson's complaint because it did not state a claim on which relief could be granted. Magistrate Judge Ralph W. Smith recommended that the district court grant the motion to dismiss because Thompson had not responded to the motion. Rather than objecting to the report-recommendation, Thompson attempted to appeal to this court. Nevertheless, after noting Thompson's failure to object, Judge McAvoy reviewed the report-recommendation *de novo* and dismissed Thompson's

---

1. DOCS later transferred Thompson to the Central New York Psychiatric Facility, re- turned him to Great Meadow, and finally sent him to the Green Haven Correctional Facility.

complaint because he failed to allege that he was physically injured.

Following Thompson's timely notice of appeal, we appointed counsel for him and directed counsel to brief the following issues: (1) whether the portion of Thompson's complaint seeking injunctive relief could be dismissed pursuant to Section 1997e(e); (2) whether the portion of his complaint seeking damages for the confiscation of his medicine was subject to Section 1997e(e); and (3) whether, assuming Section 1997e(e) applied, the district court should have allowed Thompson to amend his complaint to allege physical injury.

On appeal, Thompson argues that (1) Section 1997e(e) does not apply to his Eighth Amendment claim for deliberate indifference or to his claim for improper confiscation of his medications because neither is a claim for mental or emotional damages; (2) even if Section 1997e(e) applies, it does not bar either injunctive relief or damages for violation of a fundamental constitutional right; (3) if Section 1997e(e) is interpreted to bar damages for violation of a constitutional right, it is unconstitutional; and (4) at a minimum the district court should have allowed Thompson to amend his complaint to allege physical damages before dismissing the complaint. Defendants concede that Section 1997e(e) does not bar injunctive relief and "applies only where a plaintiff has requested compensatory damages for mental or emotional injury." However, they argue that because Thompson requested only injunctive relief against defendants employed at Clinton, his appeal is now moot.

After the Clerk of the Court certified to the Attorney General of the United States that Thompson disputed the constitutionality of Section 1997e(e), the United States moved to intervene. We granted the government's request, and it defends the statute as constitutional. The United States also contends that (1) Section 1997e(e) does not apply to requests for injunctive relief; (2) Section 1997e(e) applies even where the plaintiff alleges a violation of a constitutional right; and (3) if Thompson claims only an emotional or mental injury, Section 1997e(e) bars compensatory, nominal, and punitive damages.

## DISCUSSION

### I. Mootness

Defendants argue that this appeal is moot because Thompson requested only injunctive relief and he no longer is confined at Clinton where the defendants are employed. A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility. *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir.1996) (*per curiam*). This result flows logically from the more generalized proposition that "an actual controversy must be extant at all stages of the case, not just at the time the complaint is filed." *Beyah v. Coughlin*, 789 F.2d 986, 988 (2d Cir.1986). In this case, a live controversy continues between Thompson and Carter: Thompson's request for an order directing Carter to return Thompson's medications. Therefore, this scenario differs from the more usual one in which the inmate plaintiff seeks prospective relief—for example, an order directing that harassment cease—against employees at one facility that would be useless after his transfer to a second facility. Thompson's appeal is not moot to the extent it seeks the return of medications seized from him.[2] Although

---

**2.** Thompson argued that the appeal was not moot because employees at Great Meadow continued to withhold medications from him

and the district court should have deemed his complaint amended to state a claim against the Great Meadow defendants. The remand

Thompson's claims for declaratory and injunctive relief against the remaining defendants are moot, Thompson also contends that the district court should have construed his complaint as a request for damages and that, at a minimum, the court should have allowed him to amend his complaint to claim damages more clearly. We examine these issues in Point V.

## II. Standard of Review

We review *de novo* the district court's Rule 12(b)(6) dismissal of Thompson's complaint. *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). Thus, we accept all the material allegations of the complaint and will not affirm the dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance,* 143 F.3d at 701. Finally, when addressing a *pro se* complaint, a district "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991).

## III. Scope of Section 1997e(e)

Before determining whether Section 1997e(e) bars Thompson's claims and whether the district court should have granted him leave to amend his complaint, we briefly discuss the scope of Section 1997e(e). Although many of our sister circuits have addressed the limits of Section 1997e(e), we have not yet had an opportunity to consider whether this statute reaches (1) constitutional violations, (2) claims for injunctive or declaratory relief, or (3) nominal and punitive damages. *But see Dawes v. Walker,* 239 F.3d 489, 496–97 (2d Cir.2001) (Walker, *Chief Judge,* writing separately) (indicating in *dicta* that for a constitutional claim brought pursuant to 42 U.S.C. § 1983, Section 1997e(e) does not require a showing of physical injury for an award of injunctive or declaratory relief or nominal and punitive damages).

For the convenience of the reader, we repeat the text of Section 1997e(e):

**Limitation on recovery**

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

For the reasons that follow, we conclude that Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations. Because Section 1997e(e) is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief.

### A. Constitutional Torts

Thompson argues that his claims of Due Process Clause and Eighth Amendment violations fall outside the scope of Section

---

that we order today affords Thompson an opportunity to amend his complaint to add claims against new defendants. *See* Fed. R.Civ.P. 15(a)(stating that a party may amend as a matter of right at any time before a responsive pleading is served); *Barbara v.*

*New York Stock Exch., Inc.,* 99 F.3d 49, 56 (2d Cir.1996) (holding that a motion to dismiss is not a responsive pleading). However, we see no reason why the district court should have deemed Thompson's complaint amended to add new and currently unnamed defendants.

1997e(e) because they are premised on a constitutional wrong rather than on emotional or mental injury. To support this argument, he relies principally on *Liner v. Goord*, 196 F.3d 132 (2d Cir.1999) and *Canell v. Lightner*, 143 F.3d 1210 (9th Cir.1998).

In *Liner*, we reversed the district court's dismissal of an inmate's claim of sexual assaults occurring during body searches in part because "[t]he district court failed to consider whether appellant's allegations concerning the alleged sexual assaults might state a claim under the Eighth Amendment in addition to stating a claim for emotional distress." 196 F.3d at 135–36. To the extent that Thompson reads *Liner* to entirely exempt constitutional claims from Section 1997e(e), he reads it too broadly. *Liner* suggests only that a plaintiff can recover certain damages for an Eighth Amendment violation even if he also requests damages for emotional and mental suffering. It does not suggest that Section 1997e(e) has no application to a claim that a constitutional right has been violated. Therefore, *Liner* is consistent with a holding that Section 1997e(e) applies to constitutional torts without being a bar to all damages resulting from those torts.

*Canell* indirectly supports Thompson's position. The *Canell* court said that Section "1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought," a holding that arguably could be extended to the Eighth Amendment. 143 F.3d at 1213. However, the weight of authority is to the contrary. *See Searles v. Van Bebber*, 251 F.3d 869, 875–76 (10th Cir.2001) (rejecting *Canell*), *petition for cert. filed*, 70 U.S.L.W. 3385 (U.S. Oct. 31, 2001) (No. 01–785); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (applying Section 1997e(e) to an Eighth Amendment claim where plaintiff made no showing of physical injury); *Allah v. Al–Hafeez*, 226 F.3d 247, 250 (3d Cir.2000) (rejecting plaintiff's argument that his First Amendment claim, on which he sought to recover compensatory damages without alleging a physical injury, was not subject to Section 1997e(e) because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); *Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374, 376 (7th Cir.2000) (holding that "plain language" of Section 1997e(e) precludes exempting constitutional torts); *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir.1999) ("assum[ing] that section 1997e(e)'s bar to claims 'for mental or emotional injury suffered while in custody without a prior showing of physical injury' actually operates to preclude some claims of a constitutional dimension"), *vacated in part and reinstated in pertinent part*, *Harris v. Garner*, 216 F.3d 970, 984–85 (11th Cir.2000) (*en banc*), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (applying Section 1997e(e) to bar damages for emotional suffering resulting from alleged Eighth Amendment violation); *Davis v. Dist. of Columbia*, 158 F.3d 1342, 1345–47 (D.C.Cir.1998) (assuming the applicability of Section 1997e(e) to a claim for violation of the constitutional right of privacy).

■ We agree with the majority of our sister circuits that Section 1997e(e) applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury. Because the words "[f]ederal civil action" are not qualified, they include federal civil actions brought to vindicate constitutional rights. However, as we dis-

cuss below, Section 1997e(e) does not deprive prisoners of adequate methods for contesting constitutional wrongs.

### B. Injunctive and Declaratory Relief

First, we agree with all the circuits to have addressed the issue—and with the parties—that Section 1997e(e) does not prevent a prisoner from obtaining injunctive or declaratory relief. *See Herman*, 238 F.3d at 665; *Harris*, 190 F.3d at 1288; *Harper*, 174 F.3d at 719; *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 808 (10th Cir.1999); *Davis*, 158 F.3d at 1346; *Zehner v. Trigg*, 133 F.3d 459, 462–63 (7th Cir.1997); *see also Dawes*, 239 F.3d at 495 (Walker, *Chief Judge*, writing separately). Section 1997e(e) limits a prisoner's ability to bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." By its terms, it does not limit the prisoner's right to request injunctive or declaratory relief. Nor should it be read as a general preclusion of all relief if the only injury the prisoner can claim—other than the intangible harm presumed to flow from constitutional injuries—is emotional or mental. Although by reading the statutory language in a distorted fashion, one could conclude that an inmate who can allege only emotional injury cannot bring a federal civil action, the more logical reading of the statute does not preclude injunctive and declaratory relief. Moreover, any ambiguity in the statutory language is cured by its section heading, "Limitation on recovery." *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998) (indicating that although title of statute cannot limit the statute's plain meaning, it can shed light on otherwise ambiguous language). Both in its text and in its caption, Section 1997e(e) purports only to limit recovery for emotional and mental injury, not entire lawsuits. Therefore, it does not prevent Thompson from vindicating his constitutional right to be free of cruel and unusual treatment and the seizure of property without due process by injunctive and declaratory relief.

### C. Damages

Both parties and three of our sister circuits agree that Section 1997e(e) does not limit the availability of nominal damages for the violation of a constitutional right or of punitive damages. *See Searles*, 251 F.3d at 878–80 (nominal and punitive); *Allah*, 226 F.3d at 252 (nominal and punitive); *Cassidy*, 199 F.3d at 376–77 (holding that plaintiff may pursue all damages other than those for emotional or mental injury); *see also Dawes*, 239 F.3d at 497 (Walker, *Chief Judge*, writing separately). *But see Harris*, 190 F.3d at 1286–87 (holding that claims to compensatory and punitive damages were correctly dismissed because plaintiff's "allegations of physical injury were not serious enough to satisfy the physical injury requirement of section 1997e(e)"). Because Section 1997e(e) refers only to claims for mental or emotional suffering, we agree with the majority position.

We also do not perceive any basis in Section 1997e(e) for barring an award of compensatory damages for the loss of Thompson's property provided he can establish actual injury. *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir.1999) (indicating in *dicta* that suit for damages resulting from prison officials' seizure of inmate's property without due process should not be dismissed merely because inmate alleges emotional suffering resulting from the same incident).

### IV. Constitutionality of Section 1997e(e)

Thompson argues that it would be unconstitutional to deny him a damages rem-

edy against those defendants from whom he can no longer obtain injunctive relief because it would leave him with no path for vindicating his constitutional rights. Having found that compensatory damages for actual injury, nominal, and punitive damages remain available, we need not address Thompson's constitutional challenge. We note, however, that four circuits have found Section 1997e(e)'s limitation on damages to be constitutional. *Searles,* 251 F.3d at 876–77; *Harris,* 190 F.3d at 1288–89; *Davis,* 158 F.3d at 1346–48; *Zehner,* 133 F.3d at 461–64 (7th Cir. 1997).

## V. Application of Section 1997e(e) to Thompson's Complaint

██ Thompson's demand that Carter return his medications is neither moot nor barred by Section 1997e(e). His request for injunctive and declaratory relief against the other defendants is moot because the district court no longer can order effective relief against these Clinton employees. In order to determine whether the district court correctly dismissed his complaint in its entirety against defendants other than Carter, we must determine whether the record suggested that Thompson had a potentially viable claim for which he sought damages and whether the district court should have allowed him to amend his complaint to state the particulars of his allegations against defendants and to explicitly request damages.

██ As defendants point out, Thompson did not request damages in any of his three complaints. However, he did demand damages for unspecified injuries in two subsequent submissions, one of which was filed. He also submitted an affidavit in which he identified his condition as Jacksonian epilepsy. Thus, at the time the district court dismissed Thompson's complaint, it knew that he claimed that he suffered from Jacksonian epilepsy and that defendants had denied him needed medication. These allegations suggest that Thompson may have a legitimate claim of deliberate indifference to a serious medical condition. *See, e.g., Hathaway v. Coughlin,* 37 F.3d 63, 66–67 (2d Cir.1994) (defining standard for an Eighth Amendment deliberate indifference claim). The court also knew that Thompson wanted damages, but the court did not know the nature of the damages claimed, that is whether Thompson sought actual damages for his loss of property, nominal or punitive damages, damages for a physical injury, or damages solely for an emotional injury without any claim of physical injury. Only in the last of these scenarios could the district court properly have dismissed Thompson's claims against the Clinton defendants other than Carter.

The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit required that the district court give Thompson an opportunity to flesh out his somewhat skeletal complaints before dismissing them. *See Branum,* 927 F.2d at 705 (*pro se* plaintiff should ordinarily be allowed to amend his complaint at least once before dismissal as long as a liberal reading of the complaint suggests that it may state a claim). Therefore, in addition to vacating the dismissal of Thompson's injunctive claims against Carter, we also remand to allow Thompson to file an amended complaint in which he should make clear the nature of any damages he seeks and may, if he wishes, add additional defendants from the facility in which he is currently incarcerated. This remand does not affect the district court's dismissal of Thompson's claims for injunctive and declaratory relief against defendants other than Carter.

## CONCLUSION

We affirm the judgment of the district court insofar as it dismissed Thompson's

requests for injunctive relief against defendants other than Carter. The judgment is otherwise vacated and remanded for further proceedings in accord with this opinion.