Lori **HOCK**, Plaintiff,

v.

Paul **THIPEDEAU**, Defendant.

No. 3:99–CV–1281 GLG.

United States District Court, D. Connecticut.

Oct. 29, 2002.

Cheryl E. Heffernan, Law Offices of Cheryl E. Heffernan, Hamden, CT, for Plaintiff.

Kimball Haines Hunt, Hunt, Leibert, Chester & Jacobson, Hartford, CT, Gerald M. Beaudoin, Bolland, St. Onge & Brouillard, Putnam, CT, Lynn D. Wittenbrink, Attorney General's Office, Terrance M. O'Neill, Attorney General's Office, Hartford, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

The plaintiff, Lori Hock, an inmate in the custody of the State of Connecticut Department of Correction (department), brought this action against the defendant, Paul Thipedeau, for violating her Eighth Amendment right to be free from cruel and usual punishment.[1] At the conclusion of trial, the defendant moved to set aside the jury verdict as contrary to law.[2] The defendant claims that because the plaintiff failed to (1) exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) and (2) make a prior showing of physical injury pursuant to 42 U.S.C. § 1997e(e), the jury's verdict awarding her nominal and punitive damages must be set aside as

contrary to law.[3] The defendant's motion is DENIED.

"[T]he Prisoner Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies prior to commencing an action under 42 U.S.C. § 1983." *Heath v. Saddlemire*, No. 9:96–CV–1998, 2002 WL 31242204 (N.D.N.Y. Oct. 7, 2002). The Commissioner of the State of Connecticut Department of Correction is required by Connecticut General Statutes § 18–81 to "establish rules for the administrative practices ... in accordance with recognized correctional standards." The Commissioner of Correction has set forth the administrative procedures for inmate grievances in Administrative Directive 9.6.[4]

Administrative Directive 9.6, subparagraph 9, provides that an inmate is required to seek informal resolution of a particular problem prior to the filing of an inmate grievance. It states, "Informal resolution includes personal contact with staff able to resolve the matter or utilization of the Inmate Request System." The Inmate Request System requires the inmate to use a certain form. The 1998 version eliminates the personal contact option and requires inmates to use the Inmate Request System and initiate an informal grievance via a certain form. Subparagraph 10 sets forth the procedures for filing an inmate grievance.

In this case, the plaintiff forwarded several handwritten letters to prison officials

---

1. The plaintiff asserted also a state law claim not relevant here.

2. The defendant moved also on October 17, 2002, to dismiss the plaintiff's federal claim **[Doc. 87]**. Based on the analysis and conclusions in this opinion, the defendant's motion to dismiss **[Doc. 87]** is DENIED.

3. The defendant claims also that punitive damages may not be awarded when only nominal damages were found in the absence

of compensatory damages. *Cush–Crawford v. Adchem Corp.*, 271 F.3d 352, 359 (2d Cir. 2001), proves otherwise.

4. There are two versions of Administrative Directive 9.6 covering the time during which the defendant violated the plaintiff's constitutional rights under the Eighth Amendment. The first version dated August 12, 1994, was in effect until it was superceded by the August 3, 1998 version.

complaining of the defendant's conduct. Whether such complaints complied with Administrative Directive 9.6 certainly did not affect the department's reaction to them. The plaintiff's efforts resulted in the department investigating the defendant and his voluntary resignation, followed by her commencement of this lawsuit.

■ Connecticut's inmate grievance procedure does not expressly allow an inmate to utilize any procedures for initiating a grievance other than those provided in the Administrative Directives. In all practicality, however, at least in the present case, the department went forward with an investigation irrespective of whether the plaintiff followed the proper procedures. Under these circumstances, the department essentially created informal means of pursuing an inmate grievance outside of its prescribed procedures. Consequently, the plaintiff exhausted her administrative remedies by utilizing such means. Our conclusion finds support within this Circuit.

In a case involving a New York inmate, the Second Circuit held recently that "resolution of [a] matter through informal channels satisfies the [PLRA's] exhaustion requirement, as, under the administrative scheme applicable to *New York* prisoners, grieving through informal channels is an available remedy." (Emphasis added) *Marvin v. Goord,* 255 F.3d 40, 43 n. 3 (2d Cir.2001). We recognize that New York's inmate grievance procedure differs from Connecticut's insofar as it "is intended to supplement, not replace, existing formal of informal channels of problem resolution." *Saddlemire,* 2002 WL 31242204, at *3. New York, therefore, allows its inmates various avenues of approach for initiating a grievance not available to Connecticut inmates. Nevertheless, because the department investigated the plaintiff's complaint,

which resulted in the defendant's voluntary resignation, her compliance, or lack thereof, with the prescribed procedures for initiating an inmate grievance under either version of Administrative Directive 9.6 is not determinative here. See *Id.* at *5 (holding that plaintiff satisfied PLRA requirement even if New York's inmate grievance procedure constituted the only satisfactory administrative remedy); *see also Perez v. Blot,* 195 F.Supp.2d 539, 545–46 (S.D.N.Y.2002). Accordingly, the plaintiff satisfied the exhaustion of administrative remedy requirement of Section 1997e(a), and to suggest otherwise is patently unfair. *See Saddlemire,* at *5.

The defendant's argument, therefore, fails. We now consider the defendant's argument based on Section 1997e(e) that the plaintiff's federal claim is barred because she made no showing of a physical injury.

■ In light of the Second Circuit's recent decision in *Thompson v. Carter,* 284 F.3d 411 (2d Cir.2002), the defendant's argument based on Section 1997e(e) fails because it misinterprets the law. In *Thompson,* the Court addressed the scope of 42 U.S.C. § 1997e(e), which states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Court stated succinctly that "[b]ecause Section 1997e(e) is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief." *Id.* at 417. The Court stated further that in accordance with a majority of sister circuits, "Section 1997e(e) does not limit the availability of nominal damages for the

violation of a constitutional right or of punitive damages." *Id.* at 418. *See also Searles v. Van Bebber*, 251 F.3d 869, 878, 880 (10th Cir.2001).

Because nominal and punitive damages may be recovered for certain constitutional violations without a showing of actual or physical injury, Section 1997e(e) does not bar such recovery. Therefore, the jury verdict in this case must stand. Consequently, the defendant's **oral motion** to set aside the verdict, as well as his motion to dismiss [**Doc. 87**] are DENIED. The clerk should enter judgment for the plaintiff in the amount of $30,001.

**SO ORDERED.**