Jamie MEADE, Plaintiff,

v.

M. PLUMMER and Mr. Davis, Defendants.

No. 99–CV–10011–BC.

United States District Court,
E.D. Michigan,
Northern Division.

Nov. 2, 2004.

Jamie Meade, Kincheloe, MI, Pro Se.

Rebecca Shaw Hicks, Lewis & Munday, P.C., Detroit, MI, for Plaintiff.

John L. Thurber, Michigan Department of Attorney General, Lansing, MI, for Defendants.

### *OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

LAWSON, District Judge.

The issue presented by defendant Plummer's motion for summary judgment in this case is whether the plaintiff's claim under 42 U.S.C. § 1983 for retaliation against his exercise of First Amendment rights in which he makes no allegation of physical injury must be dismissed under a section of the Prison Litigation Reform Act that states that a prisoner may bring "[n]o federal civil rights action ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The magistrate judge answered that question in the negative in his report recommending that the defendant's motion be denied. The defendant filed timely objections arguing, apparently by process of elimination, that actionable injuries for First Amendment violations "must fall into the category of mental or emotional injuries," and therefore "the plain statutory language" of Section 1997e(e) mandates dismissal. Def.'s Obj. at 2. The Court disagrees, and therefore will overrule the objections, adopt the magistrate judge's report and recommendation, and deny defendant Plummer's motion for summary judgment.

### I.

The plaintiff, Jamie Meade, presently incarcerated at the Kinross Correctional Facility, in Kincheloe, Michigan and now represented by counsel, initially filed a *pro se* complaint under 42 U.S.C. § 1983 against twenty-two prison officials named as defendants alleging that his First Amendment rights were violated when prison guards improperly withheld his legal materials from him and then brought disciplinary proceedings against him after he complained about the violations to prison officials. The Court granted summary judgement to ten defendants on November 16, 1999. The plaintiff stipulated to the dismissal of four other defendants, and they were dismissed on July 16, 2003. The claims that then remained were for retaliation against defendants Marian Plummer, Jimmie Greathouse, Karen Kennedy, Dalan Knox, and Louis Myers, and for unconstitutional interference with legal materials against defendants Plummer and Matthew Davis. All of those defendants except Davis moved for summary judgment, and on February 27, 2004 the magistrate judge, operating under an order of reference to conduct general case management, filed reports recommending that the claims against Myers be dismissed without prejudice, and the other motions, save Plummer's, be granted. The defendant did not object to the recommendation, and on September 30, 2004 the Court adopted the report and dismissed those defendants. Only Plummer and Davis now remain as party defendants.

Two series of events, which occurred in 1998 while the plaintiff was incarcerated by the Michigan Department of Corrections (MDOC) at its Macomb Regional Correctional Facility in New Haven, Michigan, form the basis of this suit. The first started on February 26, 1998. Sean Ruhmor, a corrections officer, found that two metal strips had come loose from the plaintiff's footlocker and therefore Ruhmor proposed to remove the strips as contraband. The plaintiff requested for the guard to fill out a contraband removal slip, but the guard told the plaintiff that if he

had to complete the paperwork he would take the entire footlocker. The plaintiff informed Plummer, the Resident Unit Manager, that a grievance would be filed over the incident. Later that day, the plaintiff discovered that the footlocker had been confiscated, a contraband removal slip had been written, and all of his legal materials that had been contained in the footlocker had been dumped on his bed. Pl. Aff. Ex. 2. Since the plaintiff's legal materials did not now fit into his allowable containers, defendant Greathouse confiscated the materials and wrote a notice of intent to conduct an administrative hearing for excess property. Compl. at C3. The plaintiff filed a Step I grievance on February 27, 1998 regarding the incident and filed another grievance on March 6, 1998, which cited Plummer, regarding the confiscation of his legal property. The plaintiff also wrote letters to the warden and defendant Myers, an Assistant Deputy Warden. On March 20, 1998, the plaintiff's footlocker and metal strips were returned. Plummer ordered that all the plaintiff's property be returned on March 21, 1998.

In the second series of events, which began on April 24, 1998, the plaintiff was also allegedly deprived of his legal materials. After being sentenced to segregated detention, the plaintiff asked to bring his legal materials into segregation and for a property receipt listing any of his property in storage. Pl. Aff. Ex. 17, 18. According to the plaintiff, defendant Kennedy denied the requests and refused to give the plaintiff any forms to grieve the denial. On the following day, the plaintiff submitted grievances on plain paper and allegedly made a request to Plummer for the legal materials. The plaintiff states that defendant Knox warned the plaintiff that "threatening us with grievances and law suits means nothing to us, we get grieved everyday and nothing ever happens, it just makes us not get what you want." Compl.

at C6. Furthermore, the plaintiff alleges that Plummer "informed Plaintiff that he would not get any of this property and she would see to it." *Id.* at C7. Regardless of what Plummer said, much of the plaintiff's legal materials were returned in the beginning of May.

On April 29, 1998, defendant Davis conducted a routine inspection of the plaintiff's property located in a contraband locker and found "papers on the recruitment to the National Alliance (Aryan Nation)." Pl. Aff. Ex. 32, 33. At the subsequent hearing to determine if the materials were a security threat, the plaintiff was reclassified to administrative segregation. Believing that he was reclassified in retaliation for prior grievances and for seeking court access, the plaintiff filed another grievance on May 12, 1998. Pl. Aff. Ex. 39.

On May 15, 1998, the plaintiff failed an excess property check because his two footlockers had become broken and would not lock. Defendant Plummer presided over an administrative hearing for excess property on May 20, 1998 and found:

> Both footlockers will be destroyed per 04.07.112. Prisoner's property will be held until prisoner purchases footlockers for property. He will be able to keep legal property in cell. . . . Due to both footlockers having missing hoops, they are altered therefore making both footlockers contraband.

Pl. Aff. Ex. 58. In response to that determination, the plaintiff filed a grievance alleging that Plummer violated his due process rights because she was biased, and that his equal protection rights were violated because the prison's maintenance department repaired other inmates' footlockers. *Id.* Ex. 59. MDOC informed the plaintiff that his rights had not been violated because the plaintiff had the opportuni-

ty to send the footlockers home and had ordered replacements.

On June 10, 1998, MDOC transferred the plaintiff to the Saginaw Correctional Facility in Freeland, Michigan. Relying on the basis of a statement from Plummer, MDOC Internal Affairs issued a major misconduct ticket to the plaintiff for filing false complaints [dkt # 42]. Df. Mot. Summ. J. Ex. 10. The charge was not sustained after a Major Misconduct Hearing on December 6, 1998. Thereafter, the plaintiff filed his *pro se* complaint in this Court.

## II.

■■■ The Court conducts a *de novo* review of the magistrate judge's decision pursuant to 28 U.S.C. § 636(1)(1)(C). A motion for summary judgment under Federal Rule of Civil Procedure 56 presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party who bears the burden of proof must present a jury question as to each element of the claim. *Davis v. McCourt,* 226 F.3d 506, 511 (6th Cir.2000). Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes. *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.,* 936 F.2d 889, 895 (6th Cir.1991). In this case, the facts are not in great dispute for the purpose of the present motion, which presents a legal issue for resolution.

Section 1997e(e), entitled "Limitation on recovery," states:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

The defendant states that the plaintiff has not alleged any physical injury, and therefore the only conceivable injury that could otherwise flow from a First Amendment violation is an injury for mental or emotional distress. Since Section 1997e(e) plainly bars recovery for such damages absent a physical injury, the defendant reasons, the case must be dismissed. The defendant cites *Davis v. District of Columbia,* 158 F.3d 1342, 1348–49 (D.C.Cir.1998), in support of her argument. In that case, the District of Columbia Circuit dismissed a case involving the Americans with Disabilities Act and the Rehabilitation Act where no physical injury was alleged based on the view that Section "1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of legal wrong." *See also Harris v. Garner,* 216 F.3d 970, 984 (11th Cir.2000) (en banc) (addressing constitutional violations that occurred during a shakedown and holding that the language "no action shall be brought" operates as a bar to a prisoner's entire suit alleging emotional damages absent physical injury).

Other courts have sustained claims by prisoners brought to enforce First Amendment rights, reasoning that "[a] deprivation of First Amendment rights standing alone is a cognizable injury." *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir.1999); *see also Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998) (holding that "the deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or

any mental or emotional injury he may have incurred"). Still other courts have held that claims for First Amendment violations absent physical injury need not be dismissed outright, but Section 1997e(e) limits recovery to nominal and punitive damages since compensatory damages must amount to recovery for mental or emotional injury. *See Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir.2002) (addressing claim based on depravation of medication); *Allah v. Al–Hafeez*, 226 F.3d 247, 250 (3d Cir.2000) (addressing First Amendment free exercise of religion claims); *Royal v. Kautzky*, 375 F.3d 720, 722–23 (addressing claims of retaliation for exercising First Amendment Rights); *Searles v. Van Bebber*, 251 F.3d 869, 875–76 (10th Cir.2001) (addressing First Amendment free exercise of religion claims).

The Sixth Circuit has not addressed the issue in a published opinion. However, in an unpublished decision, the court reversed the district court and allowed a prisoner to argue for nominal, compensatory, and punitive damages flowing from a violation of his First Amendment rights. *See Williams v. Ollis*, Nos. 99–2168, 99–2234, 2000 WL 1434459 at *2 (6th Cir. Sept.18, 2000) (unpublished) (citing *Canell*, 143 F.3d at 1213).

 The Court cannot agree with the reasoning of courts that construe Section 1997e(e) as barring suit based on constitutional violations when no physical injury is alleged. The *Davis* and *Harris* courts read the Section too broadly by construing it as a prohibition against a claim rather than the limitation on damage recovery that it plainly is. Likewise, this Court does not believe that First Amendment claims are excluded from Section 1997e(e)'s scope, as the Ninth and Seventh Circuits have suggested. *See Canell*, 143 F.3d at 1213; *Rowe*, 196 F.3d at 781.

Those cases premise the exclusion on the character of First Amendment claims as having compensable value even in the absence of physical *or* emotional injury. However, the Supreme Court rejected that rationale in *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), stating that "the abstract value of a constitutional right may not form the basis for § 1983 damages." Rather, Section 1983 created a "species of tort liability" that allowed compensation "according to principles derived from the common law of torts." *Id.* at 306, 106 S.Ct. 2537. Compensable damages include economic loss, physical injury, pain and suffering, "impairment of reputation . . ., personal humiliation, and mental anguish and suffering." *Id.* at 307, 106 S.Ct. 2537 (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)).

Section 1997e(e), enacted in 1996 as part of the Prison Litigation Reform Act, serves to limit the damages prisoners can recover by restricting compensation for mental or emotional injuries to those instances in which the prisoner can show physical injury. The plain language of the statute does not require dismissal of constitutional claims in which no physical injury is present, since nominal and punitive damages may be recovered in cases, such as this, where First Amendment violations are alleged. *See Stachura*, 477 U.S. at 308 n. 11, 106 S.Ct. 2537 (citing *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)).

 In this case, the plaintiff states in his complaint that he seeks the following relief:

1. $200.00 Jointly & Severally against defendant's [sic] Plummer, & Ruhmor for the malicious destruction of plaintiff's footlocker & replacement of footlocker.

2. $100,000 jointly & severally against defendants Plummer, Rhumor, Greathouse, Lou Meyers, Weberg, Moore, Baerwalde, Briend, Kennedy, Davis, Knox, Pratt, Jefferson, Matten, Mckinely [sic], Demeulaere, Bolden, Freed & Stone for the intentional infliction of serious emotional & mental distress sustained as a result of the harassment & retaliation inflicted by defendant's [sic] actions.

3. $100,000 jointly & severally against Defendants Bolden Stone, Freed, Weberg. Meyers, Lewis, Bearwalde, Kennedy, & Plummer for the punishment & emotional injury resulting from the fabricated disciplinary proceedings & impermissible segregation.

4. $50,000 jointly & severally against defendants McGinnis, Bolden, Moore, Stegal, Meyers, Kennedy, Pratt, Jefferson, McKinely, Demeulaere for the emotional injury resulting from their failure to curb the unlawful conduct of their subordinates.

5. $500 Jointly & severally against defendant Davis for emotional injury resulting from defendants [sic] invasion of plaintiffs [sic] privacy.

. . .

8. $2,500 Jointly & Severally against defendants Plummer, Rhumor, Greathouse, Meyers, Kennedy, Knox, Pratt, Jefferson, Matten, McKinely, Demeulaere, McGinnis & Bolden for emotional injury resulting from thee unlawful deprivation of plaintiffs [sic] personal & legal property.

Compl. at R2. It plainly appears that the plaintiff seeks damages for mental and emotional injury, and the undisputed facts establish that no physical injury occurred. Those damages are barred by Section 1997e(e). However, the plaintiff also prays for damages for other injuries, and, as noted above, nominal damages are available if the plaintiff can prove First Amendment violations. He also seeks punitive damages in varying amounts against the several defendants. The Court concludes that the plaintiff has made a showing sufficient to warrant presenting his claims for relief to the jury, and that he may seek to recover nominal, compensatory, and punitive damages, if appropriate, for all injuries except mental and emotional injuries.

### III.

The Court finds that Section 1997e(e) does not operate as an absolute bar to plaintiff's claims against defendant Plummer, and the magistrate judge's view of the scope of the limitation of that statute is essentially correct. The plaintiff may not recover compensatory damages in this case for mental or emotional injuries, but may recover other provable damages.

Accordingly, it is **ORDERED** that the magistrate judge's Report and Recommendation [dkt # 148] is **ADOPTED**.

It is further **ORDERED** that the defendant Plummer's motion for summary judgment [dkt # 137] is **DENIED**.

It appears that there are no further pending motions and the matter is now ready for trial. Therefore, the order of reference for pretrial management has been fulfilled. Counsel for the parties shall appear for a status conference before the Court on **November 10, 2004 at 3:30 p.m.** to discuss further proceedings in this matter.