Alvin Howard **CANELL,**
Plaintiff–Appellant,

v.

Officer Roderick **LIGHTNER;** Robert Skipper, **Multnomah County Sheriff; Multnomah County Detention Center,** Defendant–Appellee.

No. 95–35161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1997.

Decided May 8, 1998.

Nicholas W. Marchi, De La Cruz, Carney, and Marchi, Seattle, Washington, for plaintiff–appellant.

Gerald H. Itkin, Office of Multnomah County Counsel, Portland, Oregon, for defendant–appellee.

Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK, District Judge.*

REINHARDT, Circuit Judge:

Alvin Howard Canell appeals the district court's grant of summary judgment dismissing his § 1983 action against Officer Roderick Lightner, Sheriff Robert Skipper, and the Multnomah County Detention Center for violations of his First Amendment rights.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## BACKGROUND

During the two-month period from March 4, 1993 to May 17, 1993, Canell was held in pretrial detention at the Multnomah County Detention Center. During a part of that time, Lightner worked three nights a week as a correctional officer in the unit where Canell was housed. Canell alleges that Lightner, a licensed minister of the Church of God, actively sought to convert inmates to his Christian faith. According to Canell, Lightner regularly brought his Bible to work and placed it in the inmates' plain view. He engaged in religious debate and discussion with inmates, performed mock preaching, and sang Christian songs while on duty. For example, one evening while Canell was

---

* The Honorable John Sedwick, United States District Judge for the District of Alaska, sitting by designation.

1. Canell has not appealed the district court's grant of summary judgment in favor of the Multnomah County Commissioners.

watching a television program about a gay pride march, Lightner told him that homosexuality was wrong and proceeded to cite several Bible passages. Canell further alleges that Lightner disturbed his Muslim prayers by singing Christian songs or preaching. Canell complained to several officers about these occurrences. Subsequently, in mid-April 1993, Lightner was transferred out of the module which housed Canell. In total, Lightner was on duty in Canell's module for only six weeks and worked a maximum of eighteen days in that location during that period.

Canell filed this action alleging that Lightner's proselytizing activities and the prison officials' failure to stop those activities immediately violated his rights under the Establishment and Free Exercise Clauses of the First Amendment to the United States Constitution. In granting the defendants' summary judgment motion, with respect to the Multnomah County Detention Center, the district court held that Canell did not allege facts or provide evidence tending to show that Lightner had acted pursuant to an official policy or custom. With respect to Sheriff Skipper, it held that, because he had not personally participated in the activities and there was no vicarious liability under § 1983, the only way to hold him liable would be under a "failure to train" theory. As to this claim the court granted summary judgment in favor of Skipper on the ground that Canell failed to offer sufficient evidence that Skipper had acted with deliberate indifference in training officers regarding prisoners' First Amendment rights. Regarding Canell's Establishment Clause claim against Officer Lightner, the district court held that because Lightner's actions "were sporadic, of short duration, and ceased when he no longer supervised Canell," Lightner was entitled to summary judgment. With respect to the Free Exercise claim against Lightner, the district court rejected Canell's contention that Lightner's interference with his ability to pray constituted an unreasonable interference with his rights. Canell appealed.

### Prison Litigation Reform Act

Before we address the merits of Canell's claim, we must consider two threshold issues. Both arise out of the Prison Litigation Reform Act ("the Act"), which President Clinton signed into law on April 26, 1996. The newly enacted § 1915(g) of Title 28 of the United States Code affects the ability of prisoners to file in forma pauperis, while the new § 1997e(e) permits the filing of prisoner actions for mental or emotional injury only if there is a prior showing of physical injury.

### A.

■ The first provision, § 1915(g), provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of the section indicates that it does not apply to pending cases on appeal, as is the case here. *See Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 2062, 138 L.Ed.2d 481 (1997) ("[I]n determining a statute's temporal reach generally, our normal rules of construction apply."). The provision states that "in no event shall a prisoner *bring* a civil action or *appeal* a judgment in a civil action ... under this section." 28 U.S.C. § 1915(g) (emphasis added). Canell was permitted to proceed in forma pauperis when he filed his action on June 17, 1993. The final order granting summary judgment in this case was entered on January 20, 1995 and Canell filed his notice of appeal on February 3. Therefore, Canell both brought his original action and appealed the judgment prior to the signing of the Act on April 26, 1996. Accordingly, § 1915(g) does not apply in Canell's case.

Our conclusion is consistent with *Marks v. Solcum,* 98 F.3d 494, 496 (9th Cir.1996). In that case we considered whether 28 U.S.C. § 1915(e)(2) applied to cases pending prior to its enactment date of April 26, 1996. That provision permits any prisoner action to be dismissed, regardless of whether a filing fee

has been paid, if it is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). Under that section, an action may be dismissed at any time regardless of when it was brought, if it falls within the defined category. Under the provision at issue in this case, § 1915(g), however, whether dismissal is warranted does not depend upon the merits of the case being brought; certain parties are simply barred from bringing certain actions. While we recognize that the circuits are divided on this question,[2] we hold that § 1915(g) does not apply to actions filed or appeals noticed prior to its enactment on April 26, 1996.

### B.

■ The second provision of the Act at issue in this case is 42 U.S.C. § 1997e(e) which reads:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The appellees in this case argue that this provision bars Canell's action because he is alleging only "mental or emotional injury" without the requisite physical injury. We disagree. Canell is not asserting a claim for "mental or emotional injury." He is asserting a claim for a violation of his First Amendment rights. The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought.[3]

### Canell's First Amendment Claims

#### a. Municipal Liability

■ In order to establish municipal liability on the part of the Multnomah County Detention Center under 42 U.S.C. § 1983, Canell must ordinarily show that the deprivation of his First Amendment rights occurred as a result of an official policy or custom, *see Monell v. Department of Social Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), or that the municipality ratified the unlawful conduct, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir.1991). Canell has failed to raise a genuine issue of material fact as to whether Officer Lightner's actions were in any way related to such municipal action. Summary judgment for the municipal entity was therefore proper.

#### b. Liability of Sheriff Skipper

■ Canell argues that Sheriff Skipper was responsible for violations of Canell's constitutional rights because he failed to properly train Officer Lightner. In order to prevail on such a claim, Canell must show that Sheriff Skipper's failure to train amounted to deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204–05, 103 L.Ed.2d 412 (1989). Canell offered no evidence to refute the defendants' contentions that the officer training program for Multnomah County taught that preaching and other proselytizing by officers would un-

---

2. The Sixth, Seventh, and Tenth Circuits have declined to apply § 1915(g) to pending cases. *See Garcia v. Silbert*, 141 F.3d 1415 (10th Cir. 1998) (holding that § 1915(g) does not apply to actions filed before the Act took effect); *Lucien v. Jockisch*, 133 F.3d 464 (7th Cir.1998) (holding that § 1915(g) applies only to cases in which the complaint is filed after the effective date of the Act); *White v. Gregory*, 87 F.3d 429, 430 (10th Cir.) (holding that § 1915(g) does not apply to cases in which the notice of appeal was filed before the effective date of the Act), *cert. denied*, — U.S. —, 117 S.Ct. 528, 136 L.Ed.2d 415 (1996). The Fifth Circuit has applied § 1915(g) to pending appeals. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir.1996) (applying § 1915(g) to appeal filed before the Act became law).

3. To date the applicability of § 1997e(e) to First Amendment claims has not been decided by any circuit. In *Clarke v. Stalder*, 121 F.3d 222, 227 n. 8 (5th Cir.1997), *reh'g granted*, 133 F.3d 940 (5th Cir.1997), the Fifth Circuit suggested in dictum, without any analysis, that § 1997e(e) might bar monetary relief but not injunctive relief in a § 1983 suit alleging a First Amendment violation. In two other cases, courts have applied § 1997e(e) to claims involving a minor injury to a plaintiff's ear as the result of an alleged assault by a guard and the exposure of a plaintiff to asbestos. *See Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997); *Zehner v. Trigg*, 133 F.3d 459 (7th Cir.1997), *judgment aff'd*, 133 F.3d 459 (7th Cir. 1997).

lawfully infringe upon the First Amendment rights of the inmates. Because Canell did not raise a genuine issue of material fact as to whether the training was inadequate or as to whether the inadequacy of training was the result of a 'deliberate' or 'conscious' choice on the part of Sheriff Skipper, the district court's grant of summary judgment was proper. *Alexander v. City of San Francisco,* 29 F.3d 1355, 1367 (9th Cir.1994).

#### c. Officer Lightner

##### i. Establishment Clause

■ Canell contends that Officer Lightner's actions which included bringing Christian literature to work, singing Christian songs, mock-preaching, and belittling other religions constituted a violation of the Establishment Clause. The Supreme Court has interpreted the Establishment Clause to mean that the "government may not promote or affiliate itself with any religious doctrine or organization [and] may not discriminate among persons on the basis of their religious beliefs and practices ...." *County of Allegheny v. ACLU,* 492 U.S. 573, 590, 109 S.Ct. 3086, 3099, 106 L.Ed.2d 472 (1989). Canell asserts that Lightner's preaching and endorsement of the Christian religion while acting as a prison guard constituted government promotion of religion. Lightner argues that any violation that occurred was *de minimis.* The district court granted summary judgment in favor of Officer Lightner but advised him to "more sharply delineate between his functions as a correctional officer and as a minister in the Christian faith."

The principal problem with Canell's claim is that he has not alleged facts or offered supporting evidence tending to show that Lightner's actions constituted government endorsement or sponsorship of religion. As we have already noted, Canell has not alleged that Lightner was acting pursuant to any official policy or custom of the facility. Nor has Canell alleged that Lightner had the authority to make policy or that the government ratified or endorsed his actions. In fact, it is undisputed that Lightner was transferred soon after Canell complained of his conduct.

■ For the purpose of an Establishment Clause violation, a state policy need not be formal, written, or approved by an official body to qualify as state sponsorship of religion. Our decision in *American Jewish Congress v. City of Beverly Hills,* 90 F.3d 379 (9th Cir.1996), however, offers guidance as to what constitutes a state policy that violates the Establishment Clause. In that case, we held that the city's ad-hoc method for granting permits to display religious symbols in a local park violated the Establishment Clause. We reached that conclusion despite the fact that the city officials who authorized the permits made the decisions individually and without substantial oversight from an official body.

What distinguishes *American Jewish Congress* from the instant case is the fact that the city officials in that case were vested with the actual authority to issue the official permits. *Id.* at 383. Once issued, the permits carried the force of an official municipal policy. By contrast, here, Officer Lightner's actions were not sanctioned in any way by a policy of the correctional facility or otherwise. There is no indication that the facility's other staff condoned his proselytizing or were aware of it before Canell complained; Lightner's activities continued over only a brief period during which he was on duty in Canell's unit for a maximum of eighteen days. Shortly after Canell complained, Lightner was transferred. Under the circumstances, we hold that Lightner's activities were not sufficiently imbued with the state's authority to constitute state endorsement of religion. Therefore, we affirm the grant of summary judgment in favor of Officer Lightner with respect to Canell's Establishment Clause claim.

##### ii. Free Exercise Clause

■ Canell also argues that Lightner's actions infringed upon his rights under the Free Exercise Clause when Lightner's mock-preaching and espousal of religious views interfered with Canell's efforts to pray. We disagree. First, as we discussed above, Canell has not alleged that Lightner acted pursuant to any state or prison policy authorizing prison staff to interfere with the religious freedoms of inmates. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349, 107 S.Ct. 2400, 2404–05, 96 L.Ed.2d 282 (1987) (holding that

prison policies may interfere with the exercise of a constitutional right if they are based on valid penological objectives).

Second, Lightner's alleged activities do not constitute a substantial burden on Canell's free exercise of his religion. *See Freeman v. Arpaio,* 125 F.3d 732, 737 (9th Cir.1997) (burden must be substantial and interfere with a tenet or belief that is central to religious doctrine). Canell's only allegation is that on some occasions Lightner interfered with his prayer activities by preaching about Christian gospel. While Lightner's evangelizing may have constituted an intrusion upon Canell's prayers on some occasions during the brief period involved, we agree with the district court's conclusion that these intrusions were "relatively short-term and sporadic" and did not constitute a substantial interference. Accordingly, we affirm the grant of summary judgment in favor of Officer Lightner.

## CONCLUSION

We have jurisdiction over Canell's appeal because it was filed prior to the enactment of the Prison Litigation Reform Act. While the Act also provides limitations on actions for mental or emotional injury, it does not preclude actions for violations of First Amendment rights. Finally, we affirm the grant of summary judgment in favor of the defendants.

AFFIRMED.