Jeffrey B. MODAHL, Plaintiff—
Appellee,

v.

COUNTY OF KERN, Defendant,

and

Edward R. Jagels, et al., Defendants—
Appellants.

Jeffrey B. Modahl, Plaintiff—
Appellant,

v.

County of Kern, et al., Defendants,

and

Edward R. Jagels, Defendant—
Appellee.

Jeffrey B. Modahl, Plaintiff—
Appellant,

v.

County of Kern, et al., Defendants—
Appellees.

Nos. 01–15669, 01–16098, 01–17298.
D.C. No. CV–99–06463–LJO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2003.

Decided April 8, 2003.

Before LEAVY, RYMER, and PAEZ, Circuit Judges.

## MEMORANDUM *

This case involves three separate appeals which were consolidated by this court. Jeffrey Modahl spent 14 years in prison following his conviction in 1986 for sexually molesting his daughter. In 1999, Modahl successfully petitioned in state court for habeas corpus relief. The court determined that the non-disclosure of certain items of evidence undermined the confidence in the outcome of Modahl's trial. Modahl was not retried.

Modahl brought an action for damages pursuant to 42 U.S.C. § 1983 against various defendants, alleging that, while acting under color of state law, the defendants violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The defendants include: the County of Kern, Kern Country District Attorney Edward Jagels, Kern County Sheriff Lawrence Kleier, Deputy Sheriff Conny Ericsson, Sheriff's Sergeant Brad Darling; Kern County District Attorney Office's Child Sexual Abuse Coordinator Carol Darling, and Kern County Welfare Department Child Protective Services worker Velda Murillo. Modahl's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

complaint alleged that the defendants (1) created false and unreliable testimony through coercive investigatory techniques of child witnesses; (2) suppressed exculpatory evidence; (3) failed to adequately supervise and train persons who violated Modahl's constitutional rights; and (4) conspired together to violate Modahl's constitutional rights.

On December 22, 2000, all of the defendants moved for summary judgment. The district court, by order dated March 21, 2001, denied all defendants' motions for summary judgment, with the following two exceptions. The district court granted Kern County District Attorney Jagels' motion for summary judgment on all claims based upon absolute prosecutorial immunity. The district court granted a motion for summary judgment as to Sheriff Kleier's and Sergeant Darling's supervisory personal liability on Modahl's first claim regarding the creation of false testimony.[1] The district court also ordered that there was no county liability as a matter of law for the official actions of Sheriff Kleier because he was a "state actor."

Modahl moved to have a final judgment entered under Fed.R.Civ.P. 54(b) regarding the grant of absolute prosecutorial immunity to Edward Jagels. Final judgment was entered and Modahl timely appealed. Modahl petitioned to certify the district court's summary judgment order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), regarding the denial of supervisor personal liability of Sheriff Kleier and Deputy Brad Darling, and also the denial of the county's liability for Sheriff Kleier's actions. The district court certified its order for interlocutory appeal and Modahl timely appealed. Five individual defendants, Sheriff Kleier, Deputy Brad Darling, Deputy Sheriff Conny Ericsson, Carol Darling, and Velda Murillo, timely appealed the district court's order denying them qualified immunity on various claims. *See Johnson v. Jones*, 515 U.S. 304, 311, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (an order denying immunity is considered a final order and may be immediately appealed).

## A. Appeal No. 01–15669

The five individual defendants-appellants in this appeal are: Sheriff Lawrence Kleier, Deputy Sheriff Conny Ericsson, Sergeant Brad Darling; Kern County District Attorney Office's Child Sexual Abuse Coordinator Carol Darling, and Kern County Welfare Department Child Protective Services worker Velda Murillo.

After the district court's summary judgment order of March 21, 2001, the Supreme Court decided *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), which clarified the two-step qualified immunity inquiry. Additionally, this court decided *Devereaux v. Abbey*, 263 F.3d 1070, 1074–76 (9th Cir.2001), which applied the *Saucier* analysis to § 1983

---

1. The district court granted the summary judgment motion of Sheriff Kleier and Sergeant Darling on Modahl's second claim, finding no evidence that Sheriff Kleier and Sergeant Darling directly suppressed evidence, but the district court denied summary judgment on Modahl's claim that they had supervisory liability for the suppression of exculpatory evidence.

In a prior order dated July 12, 2000, the district court dismissed allegations against Carol Darling on Modahl's first claim that Carol Darling had personal or supervisory liability for creation of false and unreliable testimony. The court found that Modahl had failed to refute Carol Darling's claim of lack of involvement with the witnesses who testified against Modahl, and lack of supervision of Murillo and Ericsson. The court rejected Carol Darling's defense of qualified immunity as to the second claim (suppression of evidence) and fourth claim (conspiracy to violate constitutional rights).

claims related to an investigation and prosecution for child sexual molestation. In light of these legal clarifications, we vacate the judgment of the district court denying the appellants qualified immunity, and we remand to the district court to proceed with an individualized analysis under the current framework for claims of qualified immunity.

### B. *Appeal No. 01–16098*

■ Modahl appeals the district court's order granting absolute prosecutorial immunity to District Attorney Edward Jagels. Modahl's complaint alleged that Jagels, as the district attorney, condoned or ratified alleged coercive questioning, failed to properly train or supervise his subordinates, causing a failure to disclose exculpatory evidence and the creation of unreliable child witness testimony, and conspired to fabricate evidence and to conceal exculpatory evidence. Upon de novo review of the district court's order, we affirm the grant of absolute immunity to District Attorney Jagels on these claims.

Jagels, as district attorney, is considered a state official for purposes of § 1983 liability while preparing to prosecute and when prosecuting violations of state law, and also when training personnel for and when developing policy regarding the preparation for prosecution of violations of state law. *Pitts v. County of Kern,* 17 Cal.4th 340, 360, 366, 70 Cal.Rptr.2d 823, 949 P.2d 920 (1998). A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). A prosecutor is granted only qualified immunity, however, if he or she is performing investigatory or administrative functions, or is essentially functioning as a police officer or detective. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

Modahl argues that Jagels' "nonadvocatory conduct" and administrative actions caused violations of his constitutional rights. However, our review of the record reveals that Jagels' management and supervision of his staff involved actions preliminary to the initiation of prosecution and actions in preparation of the initiation of the criminal process and for trial. These actions fall within the sphere of prosecutorial duties, which are granted absolute immunity. *Imbler,* 424 U.S. at 430–31.

### C. *Appeal No. 01–17298*

Modahl appeals the district court's order granting summary judgment to Kern County Sheriff Lawrence Kleier and Kern County Sergeant Brad Darling on Modahl's claim that they were personally liable for their failure to adequately train, monitor, and supervise their subordinates in the coercive questioning of child witnesses which resulted in false and unreliable testimony. Modahl also appeals the district court's order that Sheriff Kleier was a state actor, and as such, the County of Kern could not be liable for his actions.

■ Sheriff Kleier concedes that under current law, the California sheriffs are generally acting on behalf of the county when performing law enforcement functions. *See Brewster v. County of Shasta,* 275 F.3d 803, 806 (9th Cir.2001). Therefore, we reverse the district court's order regarding the county's § 1983 liability for his actions.

■ We affirm the district court's grant of summary judgment to Sheriff Kleier and Sergeant Darling on their personal

liability as supervisors on Modahl's claim regarding creation of false and unreliable testimony. The district court found that "there was no evidence that the supervisor was aware of facts from which an inference could be drawn that a subordinate was acting in an unconstitutional manner as to the questioning and coercion of witness testimony." Modahl argues that the district court used an incorrect, overly demanding standard when the court stated, "The knowledge element of plaintiff's case requires proof that the supervisor was aware of facts from which an inference could be drawn that the subordinate was acting in an unconstitutional manner that carried a substantial risk of causing serious harm." Modahl contends that district court used a subjective test of knowledge, and should have used an objective standard that asked whether the harm would be apparent to a reasonable person.

This court has stated that supervisors can be held liable for: (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others. *Cunningham v. Gates,* 229 F.3d 1271, 1292 (9th Cir.2000). We have held that there must be a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991). We have stated that in order to prevail on a claim that a supervisor failed to properly train subordinates, a plaintiff must show that the failure to train amounted to "deliberate indifference." *Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998).

Modahl contends that from 1984 to 1986, Sheriff Kleier and Sergeant Darling failed to train and supervise Deputy Ericsson and others in a manner consistent with protection of the rights of the accused, and that Kleier and Darling allowed Ericsson and others to be directed by social workers, specifically Velda Murillo, who improperly took the lead in interviewing child victims of sexual abuse. Modahl contends that Kleier and Darling knew or should have known that the social workers were supposed to focus on the best interests of the child for purposes of protective custody, rather than determining the facts of criminal conduct. Modahl contends that Kleier and Darling were supportive of or indifferent to their deputies' relinquishment of their criminal investigative role to social workers.

Our review of the record reveals no evidence which could establish deliberate indifference on the part of Sheriff Kleier or Sergeant Darling in any alleged failure to train or supervise Deputy Ericsson or other subordinates. There is no evidence that Kleier or Darling, in 1984, 1985, and 1986, were aware, or reasonably should have been aware, that Deputy Ericsson or other subordinates were acting in an unconstitutional manner that carried a substantial risk of causing serious harm. Accordingly, we affirm the district court's grant of summary judgment to Kleier and Brad Darling on Modahl's claim of failure to supervise regarding the creation of false testimony. Each party shall bear its own costs on appeal.

In Appeal No. 01–15669, the judgment of the district court is VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

In Appeal No. 01–16098, the judgment of the district court is AFFIRMED.

In Appeal No. 01–17298, the judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, AND RE-

MANDED FOR FURTHER PROCEED-
INGS.