**O.Z. MARTIN, Plaintiff–Appellant,**

v.

**Edward S. ALAMEIDA, Jr.; et al., Defendants–Appellees.**

**No. 07–16831.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

O.Z. Martin, Vacaville, CA, pro se.

Kelli Hammond, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before BEEZER, FERNANDEZ and W. FLETCHER, Circuit Judges.

MEMORANDUM **

O.Z. Martin, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment to Doctors Tranquina and Thor because Martin failed to raise a genuine issue of material fact as to whether reconstructive ear surgery was medically necessary. *See Franklin v. State of Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981) ("A difference of opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs.").

The district court properly granted summary judgment to defendants Alameida and Carey because Martin did not raise a genuine issue of material fact as to whether these defendants failed to properly train and supervise Doctors Tranquina and Thor. *See Canell v. Lightner,* 143 F.3d 1210, 1213–14 (9th Cir.1998) (holding that in order to prevail on a claim that supervisors failed to train subordinates properly, a plaintiff must show that the failure amounted to deliberate indifference); *Quintanilla v. City of Downey,* 84 F.3d 353, 355 (9th Cir.1996) (explaining that where subordinates were not liable for constitutional violations, the associated claims alleged against supervisors for failure to train and supervise also fail).

The district court did not abuse its discretion by denying Martin's request to continue summary judgment and reopen discovery because he failed to set forth the specific facts he hoped to obtain through further discovery and explain how those facts were necessary to defeat summary judgment. *See* Fed.R.Civ.P. 56(f); *McCormick v. Fund American Cos., Inc.,* 26 F.3d 869, 885 (9th Cir.1994).

* The panel unanimously finds this case suitable

Martin's motion to strike the answering brief is denied.

**AFFIRMED.**