**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMIRO CAMACHO, JR., | No. 09-15156 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00090-KJD-GWF |
| v. | |
| SHIELDS, C/O; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Ramiro Camacho, Jr., a Nevada state prisoner, appeals pro se from the

district court's judgement dismissing his 42 U.S.C. § 1983 action alleging various

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional violations in connection with the interruption of his prayers on one occasion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995), and we affirm.

The district court properly concluded that Camacho failed to establish a prima facie claim that his religious beliefs were substantially burdened. *See* 42 U.S.C. § 2000cc-2(b) (requiring that a plaintiff must produce "prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of the [Religious Land Use and Institutionalized Persons Act]"); *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (holding that "'relatively short-term and sporadic'" intrusions on an inmate's prayer activities did not constitute a substantial burden on inmate's free exercise of his religion).

The district court properly determined that Camacho failed to produce any evidence creating an issue of fact pertaining to the alleged violation of his Eighth Amendment rights. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that prisoner must show prison officials were deliberately indifferent to prison conditions to establish an Eighth Amendment violation); *see also Jacobson*, 50 F.3d at 1496 (affirming dismissal as a valid grant of summary judgment where

district court considered matters outside the pleadings and plaintiffs were given an opportunity to brief the issues and submit evidence in support of their position).

The district court properly determined that Camacho's claim under the Fourteenth Amendment fails because the punishment stemming from the incident in his complaint did not implicate a protected liberty interest. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (explaining that the procedural protections afforded in *Wolff v. McDonnell*, 418 U.S. 539 (1974), adhere only when a disciplinary action implicates a protected liberty interest); *see also Jacobson*, 50 F.3d at 1496.

Camacho's remaining contentions are unpersuasive.

**AFFIRMED.**