**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| REGINALD C. HOWARD, | No. 09-15382 |
| Plaintiff - Appellant, | D.C. No. 2:08-CV-00728-RCJ-GWF |
| v. | |
| HOWARD SKOLNIK, Director (NDOC); et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Reginald C. Howard, a Nevada state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging prison

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tk/Research

officials curtailed his religious expression, wrongfully took personal property, and subjected him to second-hand smoke. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Howard's First Amendment claim concerning two alleged incidents where prison personnel interfered with Howard's fasting because there was no genuine issue as to whether a substantial burden was placed on Howard's free exercise of religion. *See Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (concluding that a "relatively short-term and sporadic" interference did not constitute a substantial burden).

The district court properly granted summary judgment on Howard's Eighth Amendment claim concerning exposure to second-hand smoke because Howard failed to raise a triable issue as to whether he was exposed to unreasonably high levels of second-hand smoke or whether the defendants acted with deliberate indifference. *See Helling v. McKinney*, 509 U.S. 25, 35-37 (1993).

The district court granted summary judgment on Howard's claim concerning 12 tapes that were confiscated from his cell, after Defendants evinced an intention to return the tapes. Despite the district court's instruction that Defendants follow

through on their intention, Howard's tapes appear to not have been returned. We vacate summary judgment on this claim and remand for further proceedings.

The district court granted summary judgment on Howard's First Amendment and Religious Land Use and Institutionalized Persons Act claim concerning the cancellation of Nation of Islam prayer services. However, Howard introduced evidence suggesting that canceling the prayer service would create a substantial burden on his religion because he sincerely believed that praying in English is required to maintain his spirituality. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (focusing on the sincerity rather than centrality of a religious belief); *see also* 42 U.S.C. § 2000cc-5(7)(A) (defining "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief"). Moreover, Defendants did not submit any evidence suggesting that their decision to cancel the prayer service was based on a legitimate correctional goal. *See Swift v. Lewis*, 901 F.2d 730, 731-32 (9th Cir. 1990) (explaining that prison officials must produce some evidence that their policies were actually based on the legitimate correctional goals they assert). We vacate summary judgment on this claim and remand for further proceedings.

We do not consider Howard's claim that summary judgment was premature. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (stating that as a general rule, appeals courts do not consider issues not raised below).

We do not consider issues that were not raised in Howard's opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**