**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ROBIN BLAKE COMBS, Sr.,

        Plaintiff-Appellant,

v.

WASHINGTON STATE; et al.,

        Defendants-Appellees.

No.    14-35821

D.C. No. 3:12-cv-05280-RBL

MEMORANDUM*

---

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 29, 2016**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Robin Combs appeals the district court's order entering summary judgment

for defendants on various claims arising from Combs's treatment by Washington

state prison officials. We affirm.

---

      * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly entered summary judgment for defendants on Combs's free exercise claims brought under 42 U.S.C. § 1983. *See* U.S. Const. amend. I. Reviewing the record de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), we agree with the district court's conclusion that no disputed question of material fact exists as to whether prison officials intentionally and substantially burdened Combs's right freely to exercise his fundamentalist Jewish faith. The sporadic mistakes in kosher food preparation principles here resulted from inadvertence and did not rise to the level of a constitutional violation. *See Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (holding that "short-term and sporadic" interference with free exercise rights does not violate the First Amendment).

A prison policy that refused to provide Combs a "Shabbat sack"—a bag delivered on Fridays containing breakfast, lunch and dinner for consumption on Saturdays—worked no substantial burden on Combs's faith when Combs routinely used personal funds to purchase commissary meals for in-cell consumption. *See, e.g.*, *Guru Nanak Sikh Soc. of Yuba City v. Cty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) ("[A] substantial burden must place more than an inconvenience on religious exercise.") (internal quotation omitted); *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (defining "substantial burden," in analogous

statutory context, as a regulation that "impose[s] a significantly great restriction or onus upon [free] exercise").[1]

The district court properly entered summary judgment for defendants on Combs's deliberate indifference claims. *See* U.S. Const. amend VIII. No disputed question of material fact exists as to whether prison officials chose "medically unacceptable" treatments in "conscious disregard of an excessive risk" to Combs's health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Combs offers no evidence establishing that prison officials chose medically unacceptable treatments for (1) Combs's gastroesphegeal reflux disease, and (2) Combs's inguinal hernia. Prison officials did not "inflict[] . . . unnecessary suffering . . . inconsistent with contemporary standards of decency" when they initially prescribed Combs a painkiller similar to that which he requested. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Finally, decisions of the prison's Care Review Committee reflected only permissible differences in medical opinion. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

---

[1] Combs's remaining free exercise claims lack merit. Combs's unsupported allegations that the kosher diet "[did] NOT contain an adequate variety of nutrients," do not rebut the state's record evidence demonstrating that the kosher diet complied with dietetic requirements. The record does not demonstrate that prison officials intended certain deprivations during Passover. And Combs concedes that a requirement that kosher inmates add identifying ties to their diet cards did not compel disclosure of religious association.

Finally, the district court did not abuse its discretion when it excluded as hearsay several Internet articles about Combs's medical conditions. *See Larez v. City of Los Angeles*, 946 F.2d 630, 642-44 (9th Cir. 1991). Neither did the district court abuse its discretion when it denied Combs's motion to appoint independent medical and dietary experts.

**AFFIRMED**.