NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIAN ARMANDO CHAPARRO, | No. 16-15693 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-04955-LHK |
| v. | |
| CLARK E. DUCART, Warden, in his Official and Individual Capacity; E. CONTRERAS, Correctional Officer, in his Official and Individual Capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Adrian Armando Chaparro, a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his right to the free exercise of religion.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo both summary judgment and an officer's entitlement to qualified immunity. *Hughes v. Kisela*, 841 F.3d 1081, 1084 (9th Cir. 2016). We may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Chaparro's claim for damages against all defendants in their official capacity on the basis of Eleventh Amendment immunity. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

The district court properly granted summary judgment for defendant Ducart because Chaparro failed to raise a genuine dispute of material fact as to whether Ducart personally participated in any constitutional deprivation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for defendant Contreras on the basis of qualified immunity because it would not have been clear to every reasonable official that it was unlawful to follow the Inmate Attendance

Policy and remove Chaparro from the chapel ducat list after he failed to attend a chapel service. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right." (citation and internal quotation marks omitted)); *see also Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (relatively short-term and sporadic interference with prayer activities does not violate free exercise clause).

We reject as meritless Chaparro's contention that the district court erroneously failed to take into consideration his claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Even if Chaparro's complaint was construed as raising a RLUIPA claim, his RLUIPA claim fails because Chaparro only seeks monetary damages, which are not available under RLUIPA. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (RLUIPA does not authorize money damages against state officials sued in their official or individual capacities).

**AFFIRMED.**

16-15693