NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KHALIFAH E.D. SAIF'ULLAH, AKA
Fernando A. Jackson, Sr.,

Plaintiff-Appellant,

v.

JIMMY CRUZEN; et al.,

Defendants-Appellees.

No.    17-17336

D.C. No. 5:15-cv-01739-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted August 15, 2018[**]

Before:      FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Khalifah E.D. Saif'ullah, AKA Fernando A. Jackson, Sr., a California state

prisoner, appeals pro se from the district court's summary judgment in his 42

U.S.C. § 1983 action alleging federal claims related to the interruption of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

congregational prayer.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment on Saif'ullah's Free

Exercise Clause claim because Saif'ullah failed to raise a genuine dispute of

material facts as to whether defendants' conduct constituted a substantial burden.

*See id.* at 1031-32 ("A person asserting a free exercise claim must show that the

government action in question substantially burdens the person's practice of her

religion."); *see also Canell v. Lightner*, 143 F.3d 1210, 1214-15 (9th Cir. 1998) (no

substantial interference where intrusions on plaintiff-prisoner's prayers were

"relatively short-term and sporadic" and did not constitute a substantial

interference).

The district court properly granted summary judgment on Saif'ullah's

Establishment Clause claim because Saif'ullah failed to raise a triable dispute as to

whether defendants' actions constituted government sponsorship of religion.  *See*

*Canell*, 143 F.3d at 1214 (where there was no indication that other prison staff

were aware of or condoned defendant's conduct, it was not "sufficiently imbued

with the state's authority" to constitute government sponsorship of religion).

The district court properly granted summary judgment on Saif'ullah's

17-17336

retaliation claim because Saif'ullah failed to raise a triable dispute as to whether defendants interrupted the congregational prayer because of Saif'ullah's protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." (citation and internal quotation marks omitted).

The district court properly granted summary judgment on Saif'ullah's equal protection claim because Saif'ullah failed to raise a triable dispute as to whether defendants had discriminatory intent. *See Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1260-61 (9th Cir. 2016) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." (citation, internal quotation marks, and brackets omitted)).

The district court properly granted summary judgment on Saif'ullah's Religious Land Use and Institutionalized Persons Act claim because monetary damages are not available, *see Jones*, 791 F.3d at 1031, and Saif'ullah's claims for declaratory and injunctive relief are moot, *see Blair v. Shanahan*, 38 F.3d 1514, 1519 (9th Cir. 1994) ("[I]n the context of . . . declaratory or injunctive relief, past exposure to illegal conduct does not in itself show a present case or controversy . . .

3                                                         17-17336

if unaccompanied by any continuing, present adverse effects." (citation, internal quotation marks, and brackets omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Saif'ullah's request for judicial notice, set forth in his reply brief, is denied.

Defendants' opposed motion to strike portions of Saif'ullah's reply brief (Docket Entry No. 14) is granted.

**AFFIRMED.**