**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY BERNARD SMITH, Jr., | No.   17-17452 |
| Petitioner-Appellant, | D.C. No. 5:14-cv-04791-LHK |
| v. | |
| JIMMY CRUZEN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Anthony Bernard Smith, Jr., a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

federal claims related to the interruption of congregational prayer.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *See Jones v. Williams*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

791 F.3d 1023, 1031-32 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment on Smith's Free Exercise Clause claim because Smith failed to raise a genuine dispute of material facts as to whether defendants' conduct constituted a substantial burden.  *See id.* at 1031-32 ("A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion."); *see also Canell v. Lightner*, 143 F.3d 1210, 1211-14 (9th Cir. 1998) (no substantial interference where intrusions on plaintiff-prisoner's prayers were "relatively short-term and sporadic" and did not constitute a substantial interference).

The district court properly granted summary judgment on Smith's Establishment Clause claim because Smith failed to raise a triable dispute as to whether defendants' actions constituted government sponsorship of religion.  *See Canell*, 143 F.3d at 1214 (where there was no indication that other prison staff were aware of or condoned defendant's conduct, it was not "sufficiently imbued with the state's authority" to constitute government sponsorship of religion).

The district court properly granted summary judgment on Smith's retaliation claim because Smith failed to raise a triable dispute as to whether defendants interrupted the congregational prayer because of Smith's protected conduct.  *See*

*Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Smith's equal protection claim because Smith failed to raise a triable dispute as to whether defendants had discriminatory intent. *See Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1260-61 (9th Cir. 2016) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

The district court properly granted summary judgment on Smith's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim for monetary damages against defendants in their official capacities as barred by the Eleventh Amendment. *See Holley v. Cal. Dep't of Corr.,* 599 F.3d 1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [the plaintiff's] suit for official-capacity damages under RLUIPA.").

We reject as without merit Smith's contention that the district court failed to give him an opportunity to cure a defective pleading.

**AFFIRMED.**