**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES AUSTIN, AKA James Russell Austin, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ROBERT BROWN, Community Resource Manager; FABRICE HADJADJ, Rabbi Chaplain; J. DAVIES, AA/PIO; P. COVELLO, Chief Deputy Warden, <br><br> Defendants-Appellees. | No. 20-56028 <br><br> D.C. No. 3:18-cv-00600-WQH-JLB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 13, 2022[**]
San Francisco, California

Before: LEAVY, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California prisoner James Austin appeals pro se from the district court's grant of summary judgment in favor of Defendants[1] in his action alleging that his religious exercise was impermissibly burdened by periodic cancellations of Buddhist chapel services at R. J. Donovan Correctional Facility. Reviewing de novo,[2] we affirm.

Austin's First Amendment free exercise[3] and RLUIPA[4] claims both required that he demonstrate that his religious exercise was substantially burdened by the chapel service cancellations. *See Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (free exercise); *Warsoldier v. Woodford*, 418 F.3d 989, 994–95 (9th Cir. 2005) (RLUIPA). Defendants produced evidence that when chapel services were cancelled, services could be held in an alternative location. That obligated Austin to come forward with "'specific facts showing that there [was] a genuine issue for trial'"—that is, he had to demonstrate a genuine issue of material fact that his religious exercise was nevertheless substantially burdened by the chapel service

---

[1] Robert Brown, Fabrice Hadjadj, J. Davies, and P. Covello (collectively, Defendants).

[2] *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008).

[3] U.S. Const. amend. I; 42 U.S.C. § 1983.

[4] Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc–2000cc-5 (RLUIPA).

2

cancellations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *see also Warsoldier*, 418 F.3d at 994–95. The district court correctly determined that Austin failed to show that he was unable to engage in his religious group activities. *See Canell v. Lightner*, 143 F.3d 1210, 1214–15 (9th Cir. 1998) (free exercise); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124–25 (9th Cir. 2013) (RLUIPA); *cf. Greene v. Solano Cty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008) (group worship ban was a substantial burden). The mere fact that Buddhist chapel services were canceled for a number of weeks does not amount to a per se substantial burden, nor does that alone create a genuine dispute of material fact. Moreover, the mere fact that Austin's two claims may have survived an earlier motion to dismiss does not entitle him to summary judgment. *See Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1447 (9th Cir. 1997).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**